## CONTINUATION IN SUPPORT OF A
## CRIMINAL COMPLAINT AND ARREST WARRANT

I, Eric Falletich, being duly sworn, depose and state as follows:

### Introduction

1.      This is a continuation of a criminal complaint and request for an arrest warrant for DEMARIUS HOYLE. There is probable cause to believe that, on or about February 8, 2026, in Ingham County, in the Southern Division of the Western District of Michigan and elsewhere, HOYLE knowingly possessed the following controlled substances with the intent to distribute, in violation of Title 21, United States Code, Sections 841(a)(1); (b)(1)(A)(viii); (b)(1)(B)(i), (ii), and (iii); and (b)(1)(C):

- 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance;

- 500 grams or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance;

- 100 grams or more of a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance;

- 28 grams or more of a mixture or substance containing a detectable amount of cocaine base ("crack"), a Schedule II controlled substance; and

- Amphetamine, a Schedule II controlled substance.

2.      There is also probable cause to believe that, on or about February 8, 2026, in Ingham County, in the Southern Division of the Western District of Michigan and elsewhere, HOYLE knowingly possessed a firearm, that is, a loaded Glock 9mm pistol, in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, possession with intent to distribute controlled substances.

3.      I am currently employed by the Drug Enforcement Administration ("DEA") as a Special Agent, and I have been employed as a federal law enforcement officer since 2015.  I have been with the DEA since April 2021.  Prior to that, I was a Border Patrol Agent for eight years. My work as a Border Patrol Agent included investigations related to drug trafficking. I have participated in numerous investigations related to illegal drug trafficking and, among other things, have conducted or participated in surveillance, the execution of search warrants, and debriefing of informants related to drug trafficking.  I have participated in Title III investigations, including the drafting of affidavits.  Based on my experience, I am familiar with coded language commonly used by drug traffickers, prices of drugs, packaging material used for drugs, and common practices employed by people who traffic drugs and launder drug proceeds. I am currently responsible for investigating crimes that involve the unlawful importation and exportation of illegal narcotics, possession with the intent to distribute controlled substances, the distribution of controlled substances, the use of communication facilities to further these offenses, and the related crime of laundering monetary instruments, all in violation of Title 21, United States Code, Sections 841(a)(1), 843, 846 and 952, Title 18, United States Code, Sections 1956 and 1957, and structuring money to evade reporting requirements, in violation of Title 31, United States Code, Section 5324.

4.      The facts in this continuation come from my personal observations, training, experience, and information obtained from other investigators and witnesses. This continuation is intended to show merely that there is sufficient

2

probable cause for the requested criminal complaint and arrest warrant and does not set forth all my knowledge about this matter.

## Probable Cause

5.    Beginning in or about late 2025, investigators conducted physical and electronic surveillance on a residence associated with HOYLE – XXX Gier Street in Lansing, Michigan. During surveillance, investigators observed various individuals at the residence conducting multiple short stay transactions that I know, based on my training and experience, to be consistent with drug deals. Investigators also saw Hoyle regularly leaving the residence carrying a tan canvas bag, travelling to a nearby location, and then returning a short time later. I know, based on my training and experience, that this behavior is also consistent with HOYLE traveling to complete drug deals.

6.    The investigation ultimately led to the execution of a State of Michigan search warrant at the Gier Street address on February 8, 2026. HOYLE was inside the residence at the time. As officers entered, they observed HOYLE running toward the back, southeast bedroom of the house before he was detained.

7.    After detaining HOYLE, officers searched the residence. In the kitchen, investigators found a digital scale that tested positive for cocaine next to three pieces of mail addressed to Hoyle at Gier Street. They also found baggies. Based on my training and experience, I know that both digital scales and baggies are used by drug traffickers to weigh and package illegal narcotics for sale.

8.    Investigators then searched the southeast bedroom. Inside, they found a shoebox containing 10 separate baggies of pills that a TruNarc test indicated contained methamphetamine. Officers also located a grey Sentry Safe in the room. After forcing it open, they located multiple different illegal drugs, including a grocery bag with two separate, knotted baggies that a TruNarc test indicated contained cocaine base ("crack"), a separate bag containing four separate, knotted bags that a TruNarc test indicated contained cocaine, an Alloy Wheel Cleaner can with a false bottom containing four separate bags of what a TruNarc test indicated contained heroin, and another bag that contained 15 separate knotted bags of multi-colored pills that a TruNarc test indicated contained methamphetamine. Finally, in the safe, officers located a digital scale that swipe tested positive for the presence of cocaine, a loaded black Glock 9mm handgun, and two other unloaded magazines – one extended 40 mm magazine and one 9mm magazine – three separate prescription bottles prescribed to HOYLE, and approximately $3920 in cash.

9.    In searching the rest of the southeast bedroom, officers found additional evidence of drug trafficking, including a pill press, additional digital scales, a shoebox containing what a TruNarc test determined to be heroin, a purple bag containing several baggies, two of which a TruNarc test determined to be cocaine base ("crack") and one of which a TruNarc test determined to be cocaine. A portion of what was found in the southeast bedroom that HOYLE was running toward is depicted below:

  



10.    Officers subsequently weighed and field tested the drugs recovered. Preliminary analysis showed the following:

- 996.66 grams of cocaine;
- 231.6 grams of cocaine base;
- 243.92 grams of heroin;
- 924.43 grams of methamphetamine pills; and
- 74.56 grams of amphetamine pills.

11.    Based on my training and experience, I know that the quantities of drugs recovered from the Gier Street residence are indicative of drug distribution rather than simple drug possession. I also know that the other items found in the residence – including but not limited to scales, a pill press, a handgun, cash, and a

container with a false bottom used to store drugs – constitute tools used by drug traffickers in distributing illegal narcotics.

12.    I also know, based on my training and experience, that drug traffickers frequently possess firearms, often handguns, to protect themselves and their illegal narcotics. Traffickers keep their firearms loaded and in close proximity to themselves and/or their illegal drugs.

13.    Under Title 21, United States Code, Section 841(a)(1), it is unlawful for any person to knowingly or intentionally possess with intent to distribute controlled substances.

14.    Under Title 18, United States Code, Section 924(c), it is unlawful for any person to knowingly or intentionally possess a firearm in furtherance of a drug trafficking crime, including the crime of possession with intent to distribute controlled substances.

## Conclusion

15.    Based on the above, I submit that there is probable cause to find that, on or about February 8, 2026, in Ingham County, in the Southern Division of the Western District of Michigan and elsewhere, HOYLE knowingly possessed with the intent to distribute controlled substances, in violation of Title 21, United States Code, Sections 841(a)(1); (b)(1)(A)(viii); (b)(1)(B)(i), (ii), and (iii); and (b)(1)(C), and knowingly possessed a firearm, that is, a loaded Glock 9mm pistol, in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, possession with intent to distribute controlled substances.

6